# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT LLC, STANBURY UNIFORMS, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC,VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB, <br> Defendants. | CIVIL ACTION <br> FILE NUMBER: <br> 1:20-cv-03088-SCJ <br><br><br> <u>PLAINTIFF'S PORTION OF</u> <br> <u>JOINT PRELIMINARY REPORT</u> <br> <u>AND DISCOVERY PLAN</u> |

# PLAINTIFF'S PORTION OF JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

**Plaintiffs allege that Defendants conspired individually and/or collectively to sell commodities and services at fixed prices within the United States on the condition that the purchasers would refrain from and/or not use U.S. competitors' commodities or services. They turned the market into a loyal captive market through their enterprise of conspiracy to monopolize. Doing so substantially lessened competition in the flow of interstate commerce. More specifically, doing so substantially lessened competition in the U.S. markets for (1) cheer competitions; (2) recreational and scholastic field and sideline cheer; (3) recreational and scholastic athletic equipment; (4) scholastic band uniforms; (5) scholastic graduation regalia; and (6) cheer camps in violation of 15 U.S.C § 14. Plaintiffs have brought this action under the auspices of the Clayton Act, 15 U.S.C. §§ 15 and 26; the Sherman Act, 15 U.S.C. §§ 1, 2, and 4; the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. §§ 16-14-1(b) and ( c); and  the Federal RICO Act, 18 similarly §§ 1961(b), 1961(c), 1961(d), and 1965(a).  Plaintiffs are seeking equitable and**

injunctive relief, actual and exemplary damages trebled, attorney fees and costs of court that they and others similarly situated have sustained arising from Defendants anti-competitive conduct.

Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated as a class action under Rules 23 (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

(1) **Independent Event Production Class—**All natural persons or entities in the United States that have directly suffered due to Varsity's monopolistic activities as herein above described, who have suffered in the form of a loss of the share of the market in the business of competition event productions during the class period for the last four years prior to the date of the filing of this complaint. This Plaintiff Class has lost the equivalent of a 20% share of the business of competition event productions.

(2) **Competitive, College, High School, and Junior High School Parent Class—**All natural persons or entities in the United States that directly or indirectly paid Varsity or any wholly or partially owned Varsity subsidiary during the class period for the last four years prior to the date of the filing of this complaint that have paid Varsity enhanced fees for uniforms, competition fees, event admission fees, camp fees, insurance, travel and accommodation

fees, school paraphernalia such as class rings, yearbooks, graduation caps and gowns or graduation announcements, or merchandise. These enhanced fees will be determined through the evidence at trial by comparing competitors' merchandise or services and pricing to those charged by Varsity.

(3) **The Cheer Camp Market Class**—All natural persons or entities in the United States that lost a share of the scholastic and competition cheerleading camp market that have directly suffered due to Varsity's monopolistic activities as herein above described, who have suffered in the form of a loss of the share of the market in the business of scholastic and competition cheer camp during the class period for the last four years prior to the date of the filing of this complaint. This Plaintiff Class has lost the equivalent of a 20% share of the business of the scholastic and competition cheer camp market.

(4) **Apparel, Athletic Equipment and Merchandise Class [both competitive and scholastic]**—All natural persons or entities in the United States that have directly suffered due to Varsity's monopolistic activities as herein above described, who have suffered in the form of a loss of the share of the market in the business of apparel, athletic equipment, and cheer merchandise during the class period for the last four years prior to the date of the filing of this complaint. This Plaintiff Class has lost the equivalent of a 20% share of the

**business of apparel, athletic equipment, and cheer merchandise sales.**

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs allege that Defendants conspired individually and/or collectively to sell commodities and services at fixed prices within the United States on the condition that the purchasers would refrain from, via exclusive sales agreements and other exclusive maneuvers, and/or not use U.S. competitors' commodities or services. They turned the market into a loyal captive market through their enterprise of conspiracy to monopolize and by buying up and/or eliminating most competitors. Doing so substantially lessened competition in the flow of interstate commerce and unfairly raised prices of goods. More specifically, doing so substantially lessened competition in the U.S. markets for (1) cheer competitions; (2) recreational and scholastic field and sideline cheer; (3) recreational and scholastic athletic equipment; (4) scholastic band uniforms; (5) scholastic graduation regalia; and (6) cheer camps in violation of 15 U.S.C § 14 and other laws.**

**Plaintiffs have paid artificially inflated prices for goods and services purchased directly from Defendants and thus suffered economic harm and damages as a direct and proximate result of Defendants conduct.**

(c) The legal issues to be tried are as follows:

**Anti-trust issues, equitable and injunctive relief, actual and exemplary damages trebled, attorney fees and costs of court that Plaintiffs and others similarly situated have sustained arising from Defendants anti-competitive conduct.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **There currently exist two other cases pending in the United States District Court, Western District of Tennessee being case numbers 2:20-cv-02649-SHL, Kathryn Anne Radek, et. Al. vs. Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; and U.S. All Star Federation, Inc. and case 2:20-cv-02600-SHL, Fusion Elite All Stars, et. Al. vs. Varsity Brands,LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; and U.S. All Star Federation, Inc.  These two cases have only sued 4 of the 13 Defendants that are being sued in this case and only include one-half (½) of one of the classes pending in this action (they limit their class of parents to competitive cheerleading parents and don't include the classes being sued in this case for (1) parents of both competitive cheer and scholastic apparel and merchandise; (2) apparel companies; (3) cheer camp companies; and (4) independent event production companies).  Additionally,**

**Those two other cases do not include any Georgia or federal RICO allegations.**

  (2) Previously Adjudicated Related Cases: **None.**

**2.** **This case is complex because it possesses one or more of the features listed below (please check):**

  __X__ (1) Unusually large number of parties.

  __X__ (2) Unusually large number of claims or defenses.

  __X__ (3) Factual issues are exceptionally complex.

  __X__ (4) Greater than normal volume of evidence.

  __X__ (5) Extended discovery period is needed.

  __X__ (6) Problems locating or preserving evidence.

  ____ (7) Pending parallel investigations or action by the government.

  ____ (8) Multiple use of experts.

  ____ (9) Need for discovery outside United States boundaries.

  ____ (10) Existence of highly technical issues and proof.

  __X__ (11) Unusually complex discovery of electronically stored information.

**3.** **Counsel.**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiffs:** **Robert A. Falanga, Esq.**
         **Georgia Bar No. 254400**

**Kobelah S. Bennah, Esq.**
**Georgia Bar No. 378113**
**Falanga & Chalker**
**11200 Atlantis Place, Suite C**
**Alpharetta, Georgia 30022**
**(770) 955-0006**
**(770) 955-2123 Fax**

**Defendants Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Bain Capital, LP; Charlesbank Capital Partners, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashion & Supplies, LLC; Varsity Intropa Tours, LLC and Jeff Webb:**

**George S. Cary, Esq.**
**Mark W. Nelson, Esq.**
**Alexis Collins, Esq.**
**Steven J. Kaiser, Esq.**

**Cleary Gottlieb Steen & Hamilton, LLP**
**2112 Pennsylvania Avenue, NW**
**Washington, DC 20037**
**(202) 974-1500**
**(202) 974-1999 Fax**

**Locke Lord, LLP**
**Attn: Ms. Talis C. Trevino, Esq.**
**Terminus 200, Suite 1200**
**3333 Piedmont Road, NE**
**Atlanta, Georgia 30305**

**Defendants U.S. All Star Federation, Inc. and USA Federation For Sport Cheering, d/b/a USA Cheer:**

**Grady Garrison, Esq.**
**Nicole D. Berkowitz, Esq.**
**Baker, Donelson, Bearman, Caldwell & Berkowitz**
**165 Madison Avenue, Suite 2000**

         **Memphis, Tn. 38103**
         **(901) 526-2000**
         **(901) 577-0866 Fax**

**4.**  **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?
   Yes   **X** No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**  **Parties to This Action:**

 (a) The following persons are necessary parties who have not been joined: **None known.**

 (b) The following persons are improperly joined as parties: **None Known.**

 (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **Defendant Varsity Intropia Tours, LLC may be a misnomer as the correct spelling in the Plaintiff's Complaint should be Varsity Intropa Tours, Inc.; Defendant Stanbury, LLC was a misnomer and should be Stanbury Uniforms, LLC.**

 (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions

regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary: **None known at this time.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

(b)     Summary Judgment Motions: within thirty (30) days after the close of

discovery, unless otherwise permitted by Court order.  Local rule 56.1.

       (c)    Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

       (d)    Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.**    **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a) (1) (B).

**9.**    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court" If so, please state the issues which could be addressed and the position of each party.  **None at this time.**

**10.**    **Discovery Period:**

The discovery period commences thirty days after the appearance of the first

defendant by answer to the complaints. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four month discovery period, and (c) eight month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Accounting via electronic records and electronically stored agreements, contracts, trade secrets, privileged information or other such documents and information.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited to or focused upon particular issues, please state those reasons in detail below: **The parties request a minimum of 8 months of discovery to allow ample time for the obtaining extensive records and submission of documents to experts for review as needed.**

11.   **Discovery Limitations:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? **None known at this time.**

(b) Is any party seeking discovery of electronically stored information?

__X__ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties will discuss and agree on a plan for production.**

(2) The parties have discussed the format for the production of electronically stored information [e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native], method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties will discuss and agree on a plan for production.**

In the absence of agreement on issues regarding discovery of electronically store information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and ( c)?  **None known at this time.**

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they attempted to conduct a Rule 26(f) conference on September 1, 2020 but Defendants have to date refused to schedule or to hold the required conference.  No settlement discussions were made as the conference to date has not been held.  Other person who participated in the settlement discussions are listed according to party.

   For Plaintiff:    Robert A. Falanga

   Lead counsel (signature): *Robert A. Falanga*

   Other participants: Kobelah Svensen Bennah

   For Defendants:   None of Defendants would agree to attend the required Rule 26(f) conference to date.

   Lead counsel (signature):

   Other participants:

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (____)    A possibility of settlement before discovery.

(__X__)   A possibility of settlement after discovery.

(__X__)   A possibility of settlement, but a conference with the judge is needed.

(_____)   No possibility of settlement.

(c)   Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____ .

(d)   The following specific problems have created a hindrance to settlement of this case.

Lack of discovery, especially electronic contracts, documents and materials.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge for has been submitted to the Clerk of Court this _____ day of _____ .

(b)   The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

*************************

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the Plaintiffs, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2020.

THE HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Respectfully submitted,

*/s/ Robert A Falanga*
Robert A. Falanga, Esq.
Georgia Bar No. 254400

*/s/ Kobelah S. Bennah*
Kobelah S. Bennah
Georgia Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
RobertFalanga@FalangaLaw.com
kobelah@falangalaw.com

The undersigned counsel certifies that the foregoing Plaintiff's Portion of Joint Preliminary Report and Discovery Plan have been prepared with the font and point selections approved by the court in LR 5.1B.

 S/ Robert A. Falanga
ROBERT A. FALANGA
Attorney for Plaintiffs
State Bar No. 254400

## **PLAINTIFF'S CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel to this action with a copy of Plaintiff's Portion of Joint Preliminary Report and Disclosure Plan for the above-styled case by either hand delivering same, by e-file and/or by depositing a copy of them in the United States mail in a properly addressed envelope with adequate postage affixed thereto as follows:

Cleary, Gottlieb, Steen & Hamilton
Attn:  Steven J. Kaiser, Esq.
          Alexis Collins, Esq.
          Mark W. Nelson, Esq.
          George S. Cary, Esq.
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037

Baker, Donelson, Bearman
Caldwell & Berkowitz
Attn:  Nicole Berkowitz, Esq.
          Grady Garrison, Esq.
165 Madison Avenue
Suite 2000
Memphis, TN. 38103

Locke Lord, LLP
Attn:  Ms. Talis C. Trevino, Esq.
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, Georgia 30305

This 16th   day of   September  , 2020.

 S/ Robert A. Falanga
Robert A. Falanga
Attorney for the Plaintiffs
Georgia Bar No.: 254400

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
RobertFalanga@FalangaLaw.com
kobelah@falangalaw.com