# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated,<br>        Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPIA TOURS, LLC and JEFF WEBB,<br>        Defendants. | CIVIL ACTION<br>FILE NUMBER:<br>2:20-cv-02782-SHL-atc<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO APPOINT INTERIM LEAD CLASS COUNSEL** |

## PLAINTIFFS' REPLY MEMORANDUM

The Court having issued an Order on December 1, 2020 (EFC No. 90) permitting Plaintiffs to file a reply memorandum in response to Defendants' opposition to appoint Robert A. Falanga, Esq. as interim lead class counsel in this case, Plaintiffs respectfully submit this reply memorandum.

## ARGUMENT

The logical response to Defendants' argument in their opposition is that most attorneys when they have a weak or unqualified opposing attorney on the other side would not raise their voice in opposition to his continued representation, but would keep silent and then clobber the opposing attorney before he knew what hit him. Plaintiffs are flattered that the Defendants' would prefer to get rid of a skilled trial advocate in the hopes of getting someone less qualified or skilled to litigate against.

Defendants begin their opposition argument by conceding that they don't have a say in this matter as it is entirely within the discretion of this Court. They next argue that the appointment of the first filed class action case[1] attorney as interim lead counsel (Mr. Falanga) will somehow cause confusion between this case and the later filed case of Fusion Elite All Stars v. Varsity Brands, LLC, being case No. 20-cv-02600, because one of the purported classes appears to partially overlap. It is pointed out that the Fusion Elite All Stars case does not have any claims for the direct purchaser class for any scholastic sales activity but only for a direct purchaser class of competitive cheerleading items and services. Plaintiffs point out that when the Defendants consented to the

---

[1] See well-reasoned opinion dated October 27, 2020 of the Honorable Steve C. Jones, Judge of the United States District Court, Northern District of Georgia, Atlanta Division issued in this case with the previously assigned case number 1:20-cv-03088 (ECF No. 56) under III Analysis, Pg. 25-27 where he concludes "In short, given the procedural peculiarities of these cases, the Court acknowledges that the case before it is the first-filed among the pending cases, but it does not afford that fact significant weight."

interim lead class counsel in the Fusion Elite All Stars case that they knew about this case that was pending in the United States District Court for the Northern District of Georgia with a pending motion to transfer to this Court. Hopefully, they made this fact known to this Court before they consented to having interim lead counsel appointed instead of suggesting that the Court hold off on making that important decision regarding interim class counsel until Plaintiffs in this case could be heard on the matter. Consequently, the first filed case was not heard on the issue of interim lead class counsel when the consent order was issued.

At any rate, a suggestion or offered solution would be to appoint Robert A. Falanga, Esq. interim lead co-counsel in the competitive cheer direct purchaser class and interim lead class counsel in the scholastic direct purchaser class, the apparel class, the independent event producer (IEP) class and the camp class.

By making this suggested solution, Plaintiffs in this litigation do not consent to a consolidation of the cases. It is pointed out that the Fusion Elite All Stars case is limited to a class of direct purchasers who purchased only cheerleading uniforms, merchandise and lodging from only four (4) Defendants. This case however, includes claims similar to those but also includes claims for scholastic sports (all sports) uniforms, band uniforms, color guard uniforms, school cheerleading camps, graduation announcements, school rings and championship rings, school and competition cheerleading camps, competition cheerleading independent event producers (IEP's) and apparel companies who sell similar items, with claims against thirteen (13) separate defendants. This litigation has far more differences than similarities. Consequently, the Plaintiff class members would not be adequately represented in this case by the current interim lead class counsel appointed in the Fusion Elite All Stars case.

Defendants then argue in their opposition memorandum that Plaintiffs in this case have provided no reason why interim class counsel is needed or should be appointed. Seems like a strange argument to make considering that they agreed that an interim class counsel was needed, and agreed to same, in the much smaller Fusion Elite All Stars case but now do not think that this much larger case needs one.

Defendants lastly argue that the qualifications of Mr. Falanga are somehow insufficient to be appointed as interim lead counsel. Apparently, according to the Defendants, unless an attorney is a member of a mega firm with offices all around the country, he is not then qualified to serve in the position of interim lead counsel. David vs. Goliath in the bible has shown us differently. Perhaps they slept through the constitution and civil rights law school classes that dealt with equality rights. Plaintiffs are not aware of any rules or restrictions requiring a court to require class counsel to be a member of a mega firm.

Mr. Falanga is a trial attorney who has handled a large array of litigation in his forty-three (43) years of law practice. He has tried over 150 jury trials as lead counsel both in state and federal courts. He has litigated in several different states both in state and federal courts. He won a jury trial in the United States District Court for the Northern District of Georgia, Atlanta Division which went on appeal for argument and decision in his favor in the Eleventh Circuit Court of Appeals (Continental Insurance Company v. William H. Freeman, case No. 92-8316). He is a member of the State Bar of Georgia with his license on file with the proper authorities. He has been admitted to practice and has argued many cases in the Georgia Court of Appeals, the Georgia Supreme Court, the United States District Court, Northern District of Georgia, the United States Eleventh Circuit Court of Appeals and is a member in good standing of the Supreme Court of the United States.

Mr. Falanga is the author of an evidence law book used for many years by Georgia attorneys and judges published by the Harrison Company entitled "Laying Foundations and Making Objections in Georgia." Mr. Falanga successfully litigated against American Motors Corporation and Continental Tire North America in complex products liability cases. Mr. Falanga is the founding father and owner of the Law Firm of Falanga & Chalker and his litigation firm has recovered over $210,000,000 million dollars on behalf of injured and wronged victims. Mr. Falanga was lead counsel in a successful class action lawsuit entitled Amy Cantrell v. AETNA Insurance Company, Fulton County Superior Court, State of Georgia, Judge Clarence Cooper (Judge Clarence Cooper is currently on the federal bench, United States District Court, Northern District of Georgia, Atlanta Division) which involved issues of policyholders and chiropractors being cheated and defrauded and allegations of both federal and Georgia RICO violations. This case gained national attention with articles about it being published in the Wall Street Journal and Money magazine.

Mr. Falanga has successfully represented a past employee of Varsity Spirit, LLC (one of the defendants in this case) against Varsity (case settled under a confidential agreement so precautions taken in disclosing plaintiff's name or anything regarding terms or conditions of that settlement without a court order). Consequently, the attorneys who defend Varsity are very familiar with Mr. Falanga and that may explain why they do not want him as lead counsel in this case. Mr. Falanga and the law firm of Falanga & Chalker have expended numerous resources and money in investigating and preparing the class claims contained in the Plaintiff's Complaint in this case. This investigation included numerous meetings and phone calls with informants, parents, cheerleading bloggers, research of Defendants' web sites, interviews of purchaser parents and cheerleading gym owners, apparel company owners, Independent Event Producers, and

4

cheerleading camp company representatives. Mr. Falanga compared notes and information with newspaper reporters who were also conducting investigations regarding the business activities of the Defendants. Interviews have been conducted with potential experts needed for pursuing the class action case. The firm engaged in extensive research of pertinent class action litigation cases and class action case law, including having staff attend a class action seminar. Tracking down information that will be needed for proof in the litigation was done over a six-month period prior to drafting the lawsuit. These investigative fact-finding actions, along with the investment of time and money, have continued since the filing of this litigation.

      Mr. Falanga has at his disposal the entire staff at Falanga & Chalker and will commit them and associate or hire any other persons or staff needed in order to protect and to pursue collection of the class claims.

## CONCLUSION

      For the reasons stated in Plaintiff's Motion to Appoint Interim Lead Counsel (ECF No. 64) and for the additional reasons outlined herein above, the Court should grant the Plaintiffs' Motion to Appoint Robert A. Falanga, Esq. as interim lead counsel in this case.

                                        Respectfully submitted,

This  2nd  day of December, 2020.

                                          s/ Robert A. Falanga
                                          Attorney Bar Number: 254400
                                          Attorney for Plaintiffs and their Putative
                                          Classes

                                          s/ Kobelah Svensen Bennah
                                          Attorney Bar Number: 378113
                                          Attorney for Plaintiffs and their Putative
                                          Classes

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, Georgia 30022
Telephone: (770) 955-0006
Facsimile: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com