# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | No. 2:20-cv-2782-SHL-atc |

## SCHEDULING ORDER

Pursuant to written notice, a video scheduling conference was held on December 16, 2020. Present were Kobelah Svensen Bennah and Robert Falanga, counsel for plaintiffs, and Edward L. Stanton, III, Brendan Patrick Gaffney, Grady M. Garrison, Steven J. Kaiser, Paul Edward Coggins, George Cary, Matthew S. Mulqueen, and Nicole D. Berkowitz, counsel for defendants. At the conference, the following dates were established as the final deadlines for:

**FIRST DAY TO SERVE WRITTEN DISCOVERY REQUESTS:** December 17, 2020

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** December 31, 2020

**PRODUCING PARTIES TO PROVIDE ORGANIZATIONAL CHARTS (TO THE EXTENT THEY EXIST):** 30 days after being served with the requesting Parties' first request for production of documents.

**OPPOSITIONS TO MOTION TO DISMISS:** January 15, 2021

**REPLIES IN SUPPORT OF MOTION TO DISMISS:** February 15, 2021

**REPLIES IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS:** January 15, 2021

**PARTIES TO SUBMIT DISPUTES TO COURT REGARDING ANY AREAS OF DISPUTE REGARDING DOCUMENTS TO BE PRODUCED IN RESPONSE TO REQUESTS FOR PRODUCTION:** 90 days from service of the Parties' first Requests for Production.

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)    ADR DUE DATE PURSUANT TO ADR PLAN RULE 4.3(a):** March 10, 2021

    **(b)    SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **ADR**: The Parties request that the Court appoint a suitable mediator.

**COMPLETING FACT DISCOVERY:**
To promote efficiency in discovery, the Parties shall cooperate with Plaintiffs in the other antitrust cases against Defendants in this District, including *Fusion Elite*, No. 20-2600, and *Jones v. Bain Capital Private Equity*, No. 20-2892. Where possible, Plaintiffs' attorneys in all related cases will coordinate depositions to avoid duplication.

    **(a)    DOCUMENT PRODUCTION[1]**

        **(1)    BEGIN ROLLING PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION:** Within 75 days of service of the relevant request for production of documents, subject to any unresolved objections of the producing Party.

        **(2)    COMPLETION OF PRODUCTION OF TRANSACTIONAL DATA IN RESPONSE TO DISCOVERY REQUESTS:** Within 100 days of service of the relevant discovery requests, subject to any unresolved objections of the producing Party.

        **(3)    COMPLETION OF DOCUMENT PRODUCTION IN RESPONSE TO REQUESTS FOR PRODUCTION:** Within 165 days of the service of relevant requests for production of documents, subject to any unresolved objections of the producing Party.

    **(b)    DEADLINE FOR MOTIONS TO JOIN PARTIES:** November 19, 2021

    **(c)    DEADLINE FOR MOTIONS TO AMEND PLEADINGS:** November 19, 2021

---

1    All requests for production must be served at least 45 days before the end of Fact Discovery.

    **(d)**     **DEADLINE FOR COMPLETION OF DEPOSITIONS:** February 18, 2022[2]

    **(e)**     **DEADLINE FOR SERVING INTERROGATORIES AND REQUESTS FOR ADMISSION:** January 14, 2022

    **(f)**     **CLOSE OF FACT DISCOVERY:** February 18, 2022

**EXPERT WITNESS DISCLOSURES:**

    **(a)**     **DEADLINE TO SERVE EXPERT REPORTS ON ALL ISSUES FOR WHICH A PARTY BEARS THE BURDEN OF PROOF:** March 18, 2022

    **(b)**     **DEADLINE TO SERVE OPPOSING EXPERT REPORTS:** May 13, 2022

    **(c)**     **DEADLINE TO SERVE REBUTTAL EXPERT REPORTS:** July 11, 2022

    **(d)**     **DEADLINE FOR EXPERT WITNESS DEPOSITIONS:**[3] August 12, 2022

**MOTIONS FOR CLASS CERTIFICATION AND TO EXCLUDE EXPERTS UNDER F.R.E. 702 / DAUBERT MOTIONS:** September 16, 2022

**OPPOSITIONS TO MOTIONS FOR CLASS CERTIFICATION AND TO EXCLUDE EXPERTS UNDER F.R.E. 702 /DAUBERT MOTIONS:** November 11, 2022

**STATUS CONFERENCE TO SET SCHEDULE FOR SUMMARY JUDGMENT AND TRIAL:** November 18, 2022 at 9:30 AM.

**REPLIES IN SUPPORT OF MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS:** December 9, 2022

**REPLIES IN SUPPORT OF MOTIONS FOR CLASS CERTIFICATION:** December 22, 2022

**SUMMARY JUDGMENT MOTIONS:** To be discussed at November 18th conference.

**JOINT PROPOSED PRETRIAL ORDER DUE:** To be set by the Court at the November 18th Conference.

---

[2] The deadline for completing depositions and closing fact discovery are contingent on the Parties' substantially completing production of data and documents sufficiently in advance of the February 18, 2022 deadline for completing depositions and closing fact discovery so that the Parties have sufficient time to prepare for and use the documents during depositions.

[3] Absent agreement of the Parties, each expert is subject to a maximum of one deposition lasting no more than seven hours.

**PRETRIAL CONFERENCE DATE:** To be set by the Court at the November 18th Conference.

**JURY TRIAL:** To be set by the Court at November 18th Conference.

**OTHER RELEVANT MATTERS:**

The parties do not consent to trial before the Magistrate Judge.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**IT IS SO ORDERED,** this 16th day of December, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE