IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

AMERICAN SPIRIT AND CHEER
ESSENTIALS, INC., ROCKSTAR
CHAMPIONSHIPS, LLC, JEFF &
CRAIG CHEER, LLC, d/b/a JEFF
AND CRAIG CAMPS, and ASHLEY
HAYGOOD, Individually and on
Behalf of all Others Similarly Situated,

        Plaintiffs,

v.                                    Case No. 2:20-cv-02782-SHL-cgc

VARSITY BRANDS, LLC, BSN
SPORTS, LLC, VARSITY SPIRIT,
LLC, STANBURY, LLC, HERFF
JONES, LLC, BAIN CAPITAL, LP,
CHARLESBANK CAPITAL
PARTNERS, LLC, VARSITY
BRANDS HOLDING CO., INC.,
VARSITY SPIRIT FASHION &
SUPPLIES, LLC, U.S. ALL STAR
FEDERATION, INC., USA
FEDERATION FOR SPORT
CHEERING, d/b/a USA CHEER,
VARSITY INTROPA TOURS, LLC
and JEFF WEBB,

        Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS VARSITY
BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY UNIFORMS,
LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL
PARTNERS, LLC, VARSITY SPIRIT FASHIONS & SUPPLIES, LLC, VARSITY
BRANDS HOLDING CO., INC., AND VARSITY INTROPA TOURS
MOTION FOR PROTECTIVE ORDER**

---

Before the Court, by way of Order of Reference for determination (D.E. # 119), is Defendants Varsity Brands, LLC, BSN Sports, LLC, Varsity Spirit, LLC, Stanbury Uniforms, LLC, Herff Jones, LLC, Bain Capital, LP, Charlesbank Capital Partners, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit Fashions & Supplies, LLC, and Varsity Intropa Tours ("Moving Defendants") Motion for Protective Order[1] (D.E. # 118) filed on March 12, 2021. Plaintiffs filed their response on March 25, 2021. Having reviewed the Motion, response, and the entire record in this cause, the Moving Defendants motion is GRANTED IN PART AND DENIED IN PART for the reasons stated below.

Plaintiffs filed a proposed class action complaint against Defendants alleging, among other things, monopolistic practices by Defendants in the following lines of commerce:

(a) The nationwide market for competitive cheerleading including competitions;

(b) The nationwide market for recreational, college, high school, and junior high school sideline cheerleading along with regional, state, and national competitions in the field of cheerleading;

(c) The nationwide market of all sports equipment and uniforms associated with football, basketball, volleyball, track, wrestling, lacrosse, cheerleading, and soccer;

(d) The nationwide market for college, high school, and junior high school marching band and color guard uniforms;

(e) The nationwide market for school rings, yearbooks, caps and gowns, and graduation announcements; and

(f) The nationwide market for cheer camps.

(D.E. # 1, PageID 114-5)

The Moving Defendants argue that they are entitled to a protective order to prevent discovery related to "marching band uniforms, graduation regalia and other scholastic merchandise such as

---

[1] The Moving Defendants requested a hearing on this motion. After a review of the relevant filings, the court does not find that a hearing is necessary to reach a decision on the motion.

yearbooks and class rings, and athletic equipment."  Motions to dismiss for failure to state a claim have been filed on behalf of each of the Moving Defendants (D.E. # 92, 93) alleging this lack of standing among their grounds.  Based on this, Moving Defendants seek protection from these areas of inquiry.  In response, Plaintiffs argue that these areas of inquiry are well within the scope of discovery and that the Moving Defendants have offered no good cause to support their request[2].

Federal Rule of Civil Procedure 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."  A protective order may be sought to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense… ."  The Sixth Circuit has stated that a "plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."  <u>Kolley v. Adult Protective Services</u>, 725 F.3d 581,

---

[2] Plaintiffs also correctly note that Moving Defendants did not comply with Local Rule 7.2(a)(1) (B) which states that:

> Consultation by Counsel. **All motions, including discovery motions** but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 **shall** be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.  **Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.**
>
> The certificate must contain the names of participating counsel and the date and manner of consultation.  The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference.  If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule. (emphasis added)

Counsel is warned that, while the court ruled on this motion on the merits, future violations of this rule will result in denial of the motion without prejudice to refile in compliance with the Local Rule.

587 (6th Cir. 2013)(internal citations omitted)  However, this is not a mandate that discovery must be stayed solely because a motion to dismiss is pending.  "A motion to stay should not 'automatically' [be] granted whenever a motion to dismiss is pending and is rarely appropriate when the pending motion will not dispose of the entire case." Harris v. Argent Mortgage Co. LLC, 15-cv-02777-SHM-dkv, 2016 WL 10572641, at *2 (W.D. Tenn. Oct. 7, 2016), citing Keystone Coke Co. v. Pasquale, No.Civ.A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999).

The court finds that there is good cause to grant the requested protective order regarding the limited areas of inquiry until the pending motions to dismiss have been resolved.  The motion for protective order is GRANTED specifically as to discovery related to "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment."  Should the Moving Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated and responses to any discovery that is withheld pursuant to this protective order shall be provided to Plaintiffs within thirty (30) days of the entry of the relevant order on motion to dismiss.


**IT IS SO ORDERED**, this 1st day of June, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE