IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 20-cv-2782-SHL-tmp |
| VARSITY BRANDS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

---

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS OR TO COMPEL**

---

Before the court by order of reference are two motions. The first is a Motion for Protective Order to Enforce Plaintiffs' Compliance With the Court's July 1, 2021 Protective Order Prohibiting Non-Cheer Discovery filed by defendants on February 7, 2022. (ECF No. 165.) The second is a Motion for Sanctions filed by plaintiffs on February 9, 2022. (ECF No. 167.) Given that both motions concern the continued viability of a protective order entered by the court on June 1, 2021, the undersigned considers both motions together in this order. (ECF No. 132.) Plaintiffs argue that this protective order dissolved as of October 28, 2021, and defendants argue that the protective order is still operative. The undersigned finds that a hearing is unnecessary, and that the motions can be resolved on the briefs. For the reasons below,

defendants' Motion for Protective Order is GRANTED and plaintiffs'
Motion for Sanctions is DENIED.

## I.   BACKGROUND

The present case involves anti-trust claims brought against
Varsity Brands, LLC, its affiliated brands and companies, and its
prior and present owners. In brief, the plaintiffs allege that the
defendants conspired to and did in fact form a monopoly over the
cheerleading and scholastic merchandise industry in the United
States. The plaintiffs filed their complaint on July 24, 2020,
seeking class certification, damages, and injunctive relief. (ECF
No. 1.) The case was transferred from the Northern District of
Georgia to this court on October 28, 2020. (Id.)

This motion is predicated on disputes over the effect of the
court's ruling on a prior Motion for Protective Order filed by
defendants on March 12, 2021. (ECF No. 118.) In that motion,
defendants argued that they were entitled to a protective order
preventing discovery as to the non-cheerleading related areas of
their business, specifically "marching band uniforms, graduation
regalia and other scholastic merchandise such as yearbooks and
class rings, and athletic equipment." (ECF No. 118-1 at 4.)
Defendants argued that these areas of the business were overseen
by Varsity-owned corporations which were the subjects of pending
Motions to Dismiss, specifically ECF Nos. 92 and 93, and that
discovery should be prevented from proceeding while those motions

were pending. On June 1, 2021, Magistrate Judge Charmiane Claxton entered an order granting the defendants' motion in part and denying it in part. (ECF No. 132.) Judge Claxton stated:

> The court finds that there is good cause to grant the requested protective order regarding the limited areas of inquiry until the pending motions to dismiss have been resolved. The motion for protective order is GRANTED specifically as to discovery related to "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment." Should the Moving Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated and responses to any discovery that is withheld pursuant to this protective order shall be provided to Plaintiffs within thirty (30) days of the entry of the relevant order on motion to dismiss.

(Id. at 4.) Plaintiffs did not appeal this order.

On October 28, 2021, presiding District Judge Lipman granted in part and denied in part one of the pending motions to dismiss discussed in Judge Claxton's order, specifically ECF No. 92. (ECF No. 141.) This motion to dismiss dealt with claims against Bain Capital, LP, and Charlesbank Capital Partners, LLC, the current and prior owners of defendant Varsity, as well as defendant Varsity Brands Holding Co., Inc. (ECF No. 92.) Judge Lipman dismissed Bain and Charlesbank from the case but declined to dismiss a Sherman Act claim against Varsity Holding Co. (Id. at 19.) The other motion to dismiss discussed in Judge Claxton's order seeks to dismiss claims against divisions of Varsity Brands that engage in non-

- 3 -

cheerleading related business. (ECF No. 93.) That motion remains pending.

Plaintiffs did not raise any issues relating to non-cheerleading related discovery until January 18, 2022. In response to a scheduling email, plaintiffs took the unusual step of asking Judge Lipman's chambers about the effect of her October 28 order on the Protective Order.[1] (ECF No. 165-1 at 497-99.) Plaintiffs notified defendants of the inquiry after the fact, and defendants emailed Judge Lipman's chambers in response, copying plaintiffs and asserting that the Protective Order was still valid. (Id. at 497-98.) Judge Lipman's chambers advised the parties to file a motion if they had a substantive question regarding an order and did not respond further. (Id. at 497.)

Defendants filed the present Motion for Protective Order on February 7, 2022, after plaintiffs alerted defendants that they intended "to serve two hundred and forty-two subpoenas *duces tecum*

---

[1]Plaintiffs wrote in relevant part: "We hope to find some clarification about the motions to dismiss and discovery stay. In our case, each of the defendants joined in one of four motions to dismiss (ECF Nos 91-95). Thereafter, the Court stayed discovery as to many of the claims and parties unless and until it denied in whole or part those motions to dismiss. (ECF 132). Then the Court denied in part one of the motions to dismiss (ECF 141). At this point, some are finding ambiguity. Namely, with ECF No. 141, did the Court intend to (a) deny the motion to dismiss only Varsity Brands Holding Co.; or (b) deny the motions to dismiss Varsity Brands Holding Co. as well as its subsidiaries? Concurrently, does the Court understand ECF 141 to lift the discovery stay as to (a) only Varsity Brands Holding Co.; or (b) Varsity Brands Holding Company as well as its subsidiaries?" (ECF No. 165-1 at 499.)

on defendants' scholastic customers." (ECF No. 165 at 1.) The subpoenas are aimed at high schools, colleges, and universities that are customers of defendants' scholastic goods. (See ECF No. 165-1.) Each subpoena contains the following requests:

> 1. Any agreement or contracts between the school and any of the following companies in the past 7 years:
>    (1) Varsity Brands, LLC
>    (2) BSN Sports
>    (3) Varsity Spirit, LLC
>    (4) Stanbury Uniforms, LLC
>    (5) Herff Jones
>    (6) Varsity Brands Holding Co., Inc.
>    (7) Varsity Spirit Fashion & Supplies
>    (8) USA Federation for Sport Cheering d/b/a USA Cheer
>
> 2. Documents showing how much the school or member schools purchased from these companies over the past 7 years;
>
> 3. Documentation or agreements entered into with any of the aforementioned companies for any "All School" or "Impact Program" sales or services offered by them for the years 2015 to present;
>
> 4. Documentation showing the name and contact information for the person or persons primarily responsible for making any agreements with these companies at the school or member-schools.

(Id.) Two days after defendants' motion was filed, plaintiffs filed the Motion to Compel and for Sanctions, which laid out their justification for both the subpoenas described above as well as multiple discovery requests directed to defendants. As described in more detail below, plaintiffs argue that the June 1 Protective Order entered by Judge Claxton dissolved when Judge Lipman dismissed Bain and Charlesbank from the case, thus making their

requests for documents relating to non-cheerleading business and information proper as of October 28, 2021. Plaintiffs argue this includes any requests made in their first set of document requests, initially served in February 2021, that related to non-cheerleading scholastic markets and which were covered by the protective order. As plaintiffs summarized their case:

> Since October 28, 2021, however, the Corporate Defendants (including Varsity) have refused to produce even the first responsive document related to products sold by BSN, Stanbury, or Herff Jones (all held by Varsity). Since October 28, 2021, the Corporate Defendants have refused to re-produce previously redacted documents related to products sold by BSN, Stanbury, or Herff Jones (all held by Varsity). Finally, since February 2021, BSN, Stanbury, and Herff Jones (all held by Varsity) have evidently refused to produce any responsive documents whatsoever. Those statements are true despite repeated requests and reminders made to the Corporate Defendants both telephonically and in print.

(ECF No. 167-1 at 3-4.)

Plaintiffs then responded to Defendants' Motion for Protective Order on February 21, 2022, again arguing that the June 1 Protective Order was no longer operative and that there was no good cause to enter a new protective order. (ECF No. 172.) Defendants responded to Plaintiffs' Motion for Sanctions or to Compel on February 23, 2022, arguing that the June 1 Protective Order is still operative and that it covers the documents plaintiffs seek. (ECF No. 176.)

## II.   ANALYSIS

### A.   The June 1 Protective Order

Both motions at issue hinge on the correct interpretation of the following paragraph:

> The court finds that there is good cause to grant the requested protective order regarding the limited areas of inquiry until the pending motions to dismiss have been resolved. The motion for protective order is GRANTED specifically as to discovery related to "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment." Should the Moving Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated and responses to any discovery that is withheld pursuant to this protective order shall be provided to Plaintiffs within thirty (30) days of the entry of the relevant order on motion to dismiss.

(ECF No. 132 at 4.) Plaintiffs argue that the "Moving Defendants' motions to dismiss" were denied in part when Judge Lipman declined to dismiss Varsity Holding Co. from the case in her October 28, 2021 order. (ECF No. 167-1 at 3.) As they state in their response to defendants' motion, "**on October 28, 2021, the Court denied in part Defendants' motions to dismiss.** Thus the June 1, 2021 Order **terminated**; responses are overdue. Simple." (ECF No. 172 at 4) (emphasis in original). Defendants disagree. Instead, they argue that the motion to dismiss ruled on in Judge Lipman's October 28 order "was not mentioned in the motion for a protective order at all" and "was solely related to Plaintiffs' efforts to ascribe the

actions of the other defendants to Bain, Charlesbank, and Varsity Brands Holding." (ECF No. 175 at 7.)

The undersigned finds that the defendants' interpretation of the Protective Order is the correct one. The June 1 Protective Order plainly states that "there is good cause to grant the requested protective order regarding the limited areas of inquiry until the pending *motions* to dismiss have been resolved." (ECF No. 132 at 4) (emphasis added). Similarly, the order then states that should "the Moving Defendants' *motions* to dismiss be denied in whole or in part, this protective order shall be terminated." (Id.) (emphasis added). At the time, there were two pending motions to dismiss. One was resolved on October 28, 2021. The other remains pending. Further, the pending motion to dismiss directly deals with the non-cheerleading scholastic brands that plaintiffs now seek discovery from and about; the resolved motion dealt solely with Varsity Brands' current and prior majority shareholders. Thus, the pending motion to dismiss involves "the limited areas of inquiry" the protective order was designed to address. For clarity's sake, the undersigned finds that the June 1 Protective Order remains operative until the pending motion to dismiss, ECF No. 92, is denied in whole or in part. Should that occur, the protective order shall then terminate, and "responses to any discovery that is withheld pursuant to the protective order shall

be provided to plaintiffs within thirty (30) days of the entry of order on the pending motion to dismiss." (ECF No. 132 at 4.)

**B.   Motion for Sanctions or to Compel**

With the clarification that the June 1 Protective Order is still in effect, the court now considers plaintiffs' Motion for Sanctions or to Compel. Much of plaintiffs' brief focuses on requests for production that fall directly under the terms of the Protective Order. Plaintiffs attached multiple exhibits to their motion, each of which was a set of requests for production from a different defendant. None of the exhibits were labeled. Three of the exhibits deal with non-cheer subsidiary defendants whose requests are clearly covered by the Protective Order. (ECF Nos. 167-3, 167-4, 167-5.) Obviously, Rule 37 sanctions will not be awarded against a party who refuses to produce documents covered by a valid protective order. To the extent the motion seeks to have sanctions imposed, or documents compelled, pursuant to the requests contained in Exhibits B, C, and D, the motion is DENIED due to the protective order.

Exhibit A is titled "Plaintiff's First Request for Production of Documents." (ECF No. 167-2 at 2.) The requests are directed at "Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Co., Inc., and Varsity Spirit Fashion & Supplies, LLC" (hereinafter "Varsity"). (Id. at 1.) The requests are mixed between cheerleading-related and non-cheerleading related topics.

The non-cheerleading related topics are covered by the Protective Order. The requests seeking cheerleading-related information are theoretically ripe for consideration regarding a Motion to Compel.

Unfortunately, plaintiffs do not identify which requests are "outstanding" or which they seek to compel responses on, which violates this district's local rules. LR 26.1(b)(2). To the extent that this lack of specificity reflects the desire to compel responses or additional documents regarding every request included, plaintiffs do not explain how Varsity's prior responses were deficient or whether Varsity responded at all.[2] Only in Varsity's response was the court notified that Varsity had indeed responded and objected to these requests over a year ago, on March 29, 2021. (ECF No. 175-1.) According to the terms of this case's Scheduling Order, the "final deadlines" for "parties to submit disputes to court regarding any areas of dispute regarding documents to be produced in response to requests for production"

---

[2]In the Motion, Plaintiffs state that:

> the June 1, 2021 protective order never prevented scholastic discovery as to the nationwide market for recreational, college, high school, and junior high school sideline cheerleading along with regional, state and national competitions in the field of cheerleading in addition to the nationwide market for cheer camps.

(ECF No. 167-1 at 3.) To the extent plaintiffs take issue with Varsity's production regarding these topics, they would still be required to note their objections with more specificity to allow the court to make an informed ruling.

is "90 days from service of the Parties' first Requests for Production." (ECF No. 100 at 1-2.) Plaintiffs' deadline to raise any issues with Varsity's responses and objections to the requests in Exhibit A was thus May 27, 2021, ninety days after they served those requests on February 26, 2021. (ECF No. 167-2 at 41.) Plaintiffs have not attempted to address the effects of the Scheduling Order and the record, on its own, does not provide any clear excuse to set aside the Scheduling Order or modify it here.

Varsity's response also notified the court that plaintiffs served a new set of requests for production on January 28, 2022, which contained many of the exact same requests contained in Exhibit A. (ECF No. 175-1 at 85.) This set was also labeled "Plaintiffs' First Request for Production of Documents." (Id.) These requests were not attached to plaintiffs' present motion. However, should plaintiffs seek to file another motion to compel, they should take care to remove any of the requests which were originally served in February 2021, as they have waived their right to contest Varsity's responses and production with the court under the terms of the Scheduling Order.[3]

---

[3]While not obligated to do so, the court reviewed these new requests for production and found that 112 of the 147 requests were re-served from the February 2021 requests. Four (Request Nos. 49, 50, 53, and 60) related to non-cheerleading material and would thus be covered by the Protective Order while it remains operative. Non-cheerleading requests would not be barred by the Scheduling Order's terms, since discovery on them has been fully stayed by the Protective Order. Roughly thirty requests are cheerleading-related

Failing to specify the requests for production one seeks to compel is a violation of the local rules, but one that may be addressed through amendment or denial without prejudice. Failing to attach the opposing party's prior responses to requests for production that one now seeks to compel, which would lead the court to believe that Varsity provided no responses whatsoever, demonstrates at a minimum an extreme lack of care in presenting these important issues to the court.[4] The Motion for Sanctions or to Compel is DENIED in full.

**C.   Motion for Protective Order**

Federal Rule of Civil Procedure 26(b)(1) allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" unless the scope "is otherwise limited by court order[.]" The scope of discovery for a Rule 45 subpoena "is the same as the scope of discovery under Rule 26." Thogus Products Co. v. Bleep, LLC, No. 1:20cv1887, 2021 WL 827003, at *3 n.2 (N.D. Ohio Mar. 4, 2021) (quoting Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253

---

and not barred by the Protective Order or the Scheduling Order, and Varsity would be expected to respond to those.

[4]Plaintiffs further failed to alert the court of their prior *ex parte* communications with Judge Lipman's chambers, in which they expressed that "some [were] finding ambiguity" in the Protective Order. Compare (ECF No. 165-1 at 499) with (ECF No. 172 at 4) ("[O]**n October 28, 2021, the Court denied in part Defendants' motions to dismiss.** Thus the June 1, 2021 Order **terminated**; responses are overdue. Simple.") (emphasis in original).

(S.D. Ohio 2011)). Courts must always "protect a non-party subject to a subpoena if it requires disclosure of privileged or other protected matter." <u>United States v. Tenn. Walking Horse Breeders' and Exhibitors Ass'n</u>, 727 F. App'x 119, 123 (6th Cir. 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)). Parties have standing to move for protective orders, and consequently to enforce existing protective orders, on behalf of nonparties from whom discovery is sought. <u>Profitt v. Highlands Hosp. Corp.</u>, Case No. 7:19-15-KKC, 2022 WL 409696, at *3 (E.D. Ky. Feb. 9, 2022) (collecting cases). A protective order may validly "forbi[d] inquiry into certain matters, or limi[t] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Plaintiffs do not contest that their subpoenas are targeted at information that is covered by the Protective Order. (<u>see</u> ECF No. 172 at 4) (arguing that the Protective Order is no longer operative and distinguishing defendants' cited cases solely on that basis); (<u>Id.</u> at 5) (arguing relevancy of the subpoenas by noting that "***the vast majority*** of the Corporate Defendants' monopolistic activity involves their 90%+ shares of the scholastic cheer merchandise and uniforms, athletic equipment, marching band uniform, and graduation regalia markets[.]") (emphasis in original). The subpoenas as written reach plainly beyond the scope of cheerleading and aim to gather information about "any agreement

or contracts between the school and any of the [defendants] in the past 7 years." (ECF No. 165-1.)

Because the subpoenas seek information that is clearly covered by the existing Protective Order, the court finds it unnecessary to examine the Rule 26(b)(1) factors determining the propriety of any discovery request. The defendants' Motion for Protective Order is GRANTED.

### III. CONCLUSION

The June 1 Protective Order remains in effect. Because of this, plaintiffs' Motion for Sanctions or to Compel is DENIED and defendants' Motion for Protective Order is GRANTED. Plaintiffs are hereby ordered to refrain from serving the subpoenas at issue in this motion, or, if already served, to withdraw them upon the entry of this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 1, 2022
Date