```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

_____

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., )<br>  )<br>    Plaintiffs,           )<br>  )<br>v.                           )<br>  )<br>VARSITY BRANDS, LLC, et al., )<br>  )<br>    Defendants.           )         | No. 20-cv-2600-SHL-tmp |

_____

| | |
|---|---|
| JESSICA JONES, et al.,       )<br>  )<br>    Plaintiffs,           )<br>  )<br>v.                           )<br>  )<br>VARSITY BRANDS, LLC, et al., )<br>  )<br>    Defendants.           )<br>  )         | No. 20-cv-2892-SHL-tmp |

_____

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER    )<br>ESSENTIALS, et al.,          )<br>  )<br>    Plaintiffs,           )<br>  )<br>v.                           )<br>  )<br>VARSITY BRANDS, LLC, et al., )<br>  )<br>    Defendants.           )<br>  )         | No. 20-cv-2782-SHL-tmp |

_____

**ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**
_____

Before the court by order of reference is Defendants' Motion and Supporting Memorandum for Protective Order Requiring Coordination and Limiting Time for Third Party Depositions, filed on March 25, 2022. (ECF No. 221, 222.) For the reasons below, defendants' motion is DENIED.

## I.  BACKGROUND

The present related cases involve anti-trust claims brought against Varsity Brands, LLC, and affiliated brands and companies by three sets of plaintiffs: the <u>Fusion</u> plaintiffs, the <u>Jones</u> plaintiffs, and the <u>American Spirit</u> plaintiffs. In brief, all plaintiffs allege that the defendants conspired to and did in fact form a monopoly over the cheerleading industry in the United States.

On December 15, 2020, the court entered a discovery order in the <u>Fusion</u> case, which limited plaintiffs and defendants "to a total of 55 non-expert depositions, inclusive of third-party depositions." (ECF No. 89 at 3.) The order also provided:

> Except as otherwise provided herein, absent further agreement of the Parties and, for third-party witnesses, agreement of the witness, or leave of Court for good cause shown, no witness shall be deposed for more than one day of 7 hours, except that counsel for a party witness may continue questioning the witness on the same day after the noticing party's 7 hours are finished.

(<u>Id.</u>) The court also ordered that "for third-party witnesses, whose depositions are noticed by both sides, the time shall be split among each side evenly." (<u>Id.</u> at 4.) But "for third party witnesses

who were previously employed by any Party and whose depositions are noticed by both sides, the side without the Party that previously employed the witness shall get up to 5 hours, and the opposing side shall have the remaining time." (Id.) No similar order has been entered in the Jones or American Spirit cases.

On January 26, 2021, the court entered the Order Establishing Plaintiffs' Discovery Coordination Committee. (ECF No. 93.) The order laid out the responsibilities of the committee, including "coordinating across the three cases on the scheduling of depositions with Defendants and third parties to minimize duplication of deponents and questions at depositions." (Id. at 5.)

On December 16, 2021, the court entered an Amended Scheduling Order, which extended the close of fact discovery to April 18, 2022. (ECF No. 177.) At the end of the Order, the court stated, "***No other requests for extensions of these deadlines will be granted absent extraordinary circumstances.***" (Id.)(emphasis in original).

Plaintiffs have noticed twenty-seven depositions between March 1 and April 18. (ECF No. 221 at 4.) Only five of those depositions are of third parties, and thus relevant to the present motion. (Id.) Those depositions are of individuals who were formerly employed by Varsity: Cole Stott, Kevin Brubaker, Abel Rosa, Josh Quintero, and Marlene Cota. (Id.) Thus far, plaintiffs

have negotiated the deposition time for these third party individuals with counsel who represents them. (ECF No. 228 at 6.) Quintero was deposed on March 29, 2022, and his deposition lasted approximately five hours. (ECF No. 230 at 3.) Cota's deposition is currently scheduled for April 6-7, 2022. (ECF No. 230-8 at 2.) Plaintiffs and counsel for Cota agreed that she may testify for up to fourteen hours. (Id.) No information is provided regarding the scheduling of the remaining three depositions at issue.

On March 25, 2022, defendants filed the present Motion for Protective Order. (ECF No. 221.) In their motion, defendants request that this court require plaintiffs to coordinate all future third-party depositions and to set the following time limits for all future third party depositions: a) one day of seven hours for a deposition noticed by at least one plaintiff, b) one day of seven hours for a deposition of a former employee of any defendant noticed by at least one plaintiff and cross-noticed by any defendant, with five hours allocated for questioning by plaintiffs and two hours for questioning by defendants, and c) one day of seven hours for a deposition of a third party not formerly employed by any defendant and noticed by at least one plaintiff and at least one defendant, with three and one half hours for questioning by plaintiffs and three and one half hours for questioning by defendants. (Id. at 13.) Defendants argue that the Jones and American Spirit plaintiffs have exceeded their limit for

- 4 -

depositions in these cases, and that the extended length of and duplicative questioning occurring in these third-party depositions have caused defendants prejudice and harm. (Id.) Plaintiffs filed their response on April 1, 2022, arguing that defendants lack standing to bring the present motion, have not demonstrated that they are seriously injured by the depositions, and that plaintiffs should be permitted to continue negotiating deposition time with counsel for third parties. (ECF No. 228.) Defendants sought leave to file a reply on April 4, 2022, which was granted on April 5, 2022. (ECF No. 232, 233.)

## II.  ANALYSIS

Federal Rule of Civil Procedure 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). As such, the court has discretion to limit the scope of discovery by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). "To determine whether good cause exists, and the proper level of protection, the court 'must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.'" Westbrook v. Charlie Sciara & Son Produce Co., No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (quoting In re Michael Wilson & Partners, Ltd., No. 06-cv-

02575-MSK-KLM, 2007 WL 3268475, at *1 (D. Colo. Oct. 30, 2007)). "The burden of establishing good cause for a protective order rests with the movant." Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001).

**A. Standing**

As a threshold matter, plaintiffs argue that defendants lack standing to seek a protective order for third parties who they do not represent. (ECF No. 228 at 10.) The undersigned disagrees. A motion for a protective order is available to "*a party* or by the person from whom discovery is sought." Fed. R. Civ. P. 26(c) (emphasis added). "The explicit mention of "a party" in the rule has been interpreted to provide standing for a party to contest discovery sought from third-parties." Underwood v. Riverview of Ann Arbor, No. 08-CV-11024-DT, 2008 WL 5235992 at *2 (E.D. Mich. Dec. 15, 2008)(citing Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc., No. 01-2417, 2002 WL 1483879, *2 (W.D. Tenn. Jun. 26, 2002)). Defendants have standing to move for a protective order.

**B.   Jones and American Spirit Deposition Limits**

Defendants argue that the Jones and American Spirit plaintiffs have each already taken more than ten depositions and have thus exceeded their limit for depositions in this case. (ECF No. 221 at 8.) Under Federal Rule of Civil Procedure 30, "a party must obtain leave of court . . . if the parties have not stipulated

to the deposition and . . . the deposition would result in more than 10 depositions being taken. . ." Fed. R. Civ. P. 30. Given the limited number of third party depositions at issue, the court finds good cause and grants the Jones and American Spirit plaintiffs leave to participate in the four already noticed third-party depositions.

**C.   Good Cause for Protective Order**

To establish good cause for a protective order under Rule 26, defendants must "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." Nix, 11 F. App'x 498 at 500. Defendants have failed to do so. Defendants current motion only applies to four pending depositions, one of which is scheduled for tomorrow. The only harm defendants have alleged is that they must "incur the time and expense of sitting through these depositions and cross-examining witnesses as appropriate." (ECF No. 221 at 12.) That certainly does not rise to the level of a serious injury.

Plaintiffs are reminded to coordinate with each other to minimize the duplication of questions pursuant to the court's prior order. (See ECF No. 93 at 5.) Plaintiffs' negotiation of time limits with counsel for third parties is entirely consistent with the court's prior order in the Fusion case. (See ECF No. 89 at 3.) ("[A]bsent further agreement of the Parties and, for third-party witnesses, agreement of the witness, or leave of Court for good

cause shown, no witness shall be deposed for more than one day of 7 hours[.]") Because the court finds that defendants have failed to establish good cause for a protective order, their motion is denied.

### III. CONCLUSION

For the above reasons, the Motion for Protective Order is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 5, 2022
Date