**A UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, ET AL.,<br><br>    Plaintiffs,<br> v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>    Defendants. | **Case No. 2:20-cv-02782-SHL-tmp** |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 37 AND 41 AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Come now all Defendants, by and through counsel, under Federal Rules of Civil Procedure 37 and 41, and hereby move the Court to dismiss Plaintiffs' claims for failing to comply with the Court's March 23, 2022 Order at ECF No. 189.

In February 2022, after discerning that Plaintiffs' document production was overwhelmingly deficient, Defendants filed a motion to dismiss, or in the alternative, to compel production of documents. (ECF No. 171). On March 23, 2022, the Court entered an Order, noting that "Plaintiffs seemingly do not contest that they have not completed their promised production despite passing the 165-day deadline" and ordering Plaintiffs to produce all documents in response to outstanding discovery requests by April 18, 2022. (ECF No. 189 at 13-15.) This included documents for Plaintiffs Ashley Haygood, Jeff & Craig Cheer, LLC d/b/a Jeff and Craig Camps ("Jeff & Craig"), Rockstar Championships, LLC ("Rockstar"), and American Spirit and Cheer Essentials, Inc. ("American Spirit"). (*Id.*) The Court also made clear that "[t]his production should be in accordance with the ESI Protocol." (*Id.* at 15.) The ESI Protocol, *inter alia*, requires (1)

1

Plaintiffs to identify any proposed search terms or limitations on custodians in advance, (2) Plaintiffs' <u>counsel</u> to be responsible for reviewing documents for responsiveness, (3) Plaintiffs to fully review all sources of documents (electronic files, emails, hard copy files, etc.) in their possession, custody, and control.  (*See* 97-2; *see also* **Exhibit A** – 3/24/22 Email and Letter to Plaintiffs' Counsel.)  Moreover, the Court also held that its Order "constitute[d] a warning" to Plaintiffs that further failure to cooperate in discovery could lead to dismissal of Plaintiffs' claims under Rules 37(b) and 41(b). (ECF No. 189 at 15.)  (*Id.*)

Despite the Court's clear ruling, Plaintiffs waited until May 9, 2022—well after the April 18, 2022 deadline had passed and the day before Plaintiff Haygood's scheduled deposition—to produce 161 documents, 90% of her total documents produced to date.  During Ms. Haygood's deposition, ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Similarly, despite the Court's Order, Plaintiffs produced virtually no additional emails for Rockstar, even though Rockstar, as an active All Star competition producer, certainly has many more responsive emails than the 34 total emails produced.  In violation of the Court's Order and the ESI Protocol, Rockstar likewise did not and could not provide Defendants with a list of search terms used. Nor has Plaintiff American Spirit ever produced a list of search terms used, as required by the Court's Order and the ESI Protocol. Plaintiff American Spirit produced only an additional 129 documents on March 31, 2022, with the entirety of the production predating the applicable statute of limitations period for this case. Moreover, Plaintiff Jeff & Craig *never* produced any additional documents beyond the 18 pages originally produced. ████████████████████████████████████████████ ████████████████████████████████████████████████████████

2

████████████████████████████████

████████████████

These are only the most recent and egregious instances of Plaintiffs' failure to abide by this Court's Orders, the Federal Rules of Civil Procedure, the Local Rules, and the ESI Protocol, and they are grounds for dismissal.

## FACTUAL BACKGROUND

On February 18, 2022, Defendants moved to compel Plaintiffs to adequately respond to discovery requests and moved for sanctions for Plaintiffs' failure to cooperate in discovery. (ECF No. 171.) In the Motion, *inter alia*, Defendants argued that Plaintiff Haygood had produced only 19 documents in response to Defendants' requests for production, Plaintiff Rockstar had produced 29 documents, and Plaintiff Jeff & Craig had produced only 18 pages of documents. (*See id.*) In addition to being incomplete, the productions did not comply with the agreed ESI Protocol. (*See id.*)

On March 23, 2022, the Court ordered Plaintiffs to complete their production and produce responsive documents by the discovery deadline of April 18, 2022 and ordered that the productions should comply with the ESI Protocol. (ECF No. 189 at PageID 2610-11.) The Court warned Plaintiffs "that willful failure to cooperate in discovery could lead to dismissal of plaintiffs' case under Rules 37(b) and 41(b)." (*Id.*) Despite the Court's Order, Plaintiffs Haygood and Jeff & Craig failed to produce a single additional document by the deadline, and Rockstar–while it produced a fair number of standalone marketing materials—produced virtually no additional emails.

### A. **Plaintiff Haygood**

With the understanding that Plaintiffs had complied with the Court's order, Defendants scheduled Plaintiff Haygood's deposition for May 10, 2022. (*See* **Exhibit B** - 3/24/2022 Email and Correspondence Between Counsel (Plaintiffs' counsel confirming that they were working on addressing these issues).) At no point did Plaintiffs indicate that they would be producing additional documents after the Court's ordered deadline. On May 9, 2022—well after the Court's April 18, 2022 deadline and with less than 24 hours before the deposition—Plaintiffs produced an additional 161 documents, which equaled over 450 pages of additional information. (*See* **Exhibit C** – 5/9/2022 Email Between Counsel.) Plaintiffs' late production left Defendants with inadequate time to review the documents ahead of Plaintiff Haygood's deposition the following day, and as a result Defendants were forced to postpone Plaintiff Haygood's deposition until May 18, 2022.[1]



During Ms. Haygood's deposition, ██████████████████████████

████████████████████████████████████████ (*See*

*e.g.*, **Exhibit D**[2] - Haygood Tr. at 51:23-25; 52:7-10; 58:24 (rough).) ███████████

████████████████████████████████████████

████████████████████████████████████████

---

[1] Notably, ████████████████████████████████ (*See*
**Exhibit D,** Haygood Tr. at 15:6 (rough).)
████████████████████████████████████████
████████████████████████████████████████
████████████████ (*See id.* at 16:8-17; 46:1-17)

[2] Because Plaintiffs have not had an opportunity to review the depositions cited in this brief and designate any portions as confidential, Defendants have filed the excerpts from the cited depositions under seal out of an abundance of caution and have redacted any discussion of those transcripts from the public version of this filing. The sealed version of this filing contains all exhibits (including those filed publicly) for the Court's convenience.



(*Id.* at 44:13-22.)  By way of a blatant example, ████████████████

████████████████████████████████████ (*Id.* at 54:21-23.)

████████████████████████████████████████████████

████████████████ (*Id.* at 47:25-48:3.) ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ (*Id.* at 108:11-109:7.)

## B. Plaintiff Jeff & Craig

On May 12, 2022, Defendants deposed Craig Hallmark, owner of Plaintiff Jeff & Craig. As noted in Defendants' previous Motion to Compel and for Sanctions, Plaintiff Jeff & Craig produced a mere 18 pages of documents.  (ECF No. 171.)  Despite the Court's Order instructing Plaintiffs to produce responsive documents by April 18, 2022, Plaintiff Jeff & Craig *never* produced any additional responsive documents, before or after the Court-mandated deadline. Indeed, during Mr. Hallmark's May 12 deposition, ████████████████████████████

████████████████████████████████████████████████

████   (*See, e.g.*, **Exhibit E** - Hallmark Tr. 62:24-63:4, 65:12-15, 66:6-67:23, 69:21-23, 72:6-19, 75:3-19, 81:3-8, 83:18-84:5, 87:3-89:9 (rough).)  ██████████████████████

████████████████████████████████████████████████

████████████████████████████████ (*id.* at 62:24-63:4), ████

████████████████████████████████████ (*id.* at 65:12-15), ████

████████████████████████████████████████████████

████ (*id.* at 67:1-23), ████████████████████████████████

████████████████████████████████████████████████



(*id.* at 72:6-19),

(*id.* at 81:3-8.  (*See* ECF No. 171-3 (Jeff & Craig's Responses to Defendants' Requests for Production).)

(Exhibit E at 78:5-79:18.)  At no point did Plaintiffs' counsel themselves collect Mr. Hallmark's emails and run appropriate ESI searches across his account.

(*Id.* at 85:12-86:9.)

(*Id.*)  It appears that Plaintiffs' counsel likewise did not make an effort to collect or undertake a review of Mr. Hallmark's documents, despite the Court's Order.

## C. Plaintiff Rockstar

At the time Defendants filed their previous motion to compel, Plaintiff Rockstar had produced only 29 documents.  (*See* ECF No. 171.)  After the Court's March 23 Order, on April 14, 2022, Rockstar produced an additional 1,196 documents.  These 1,196 documents, however, were largely graphic files, standalone marketing materials, insurance policies, and similar files.  For example, the production contains 52 files which contain "logo" in the file name.  Despite the Court's Order, Rockstar did not produce *any* additional email communications by the Court-ordered deadline of April 18. On May 16, 2022, less than twenty-four hours before Mr. Owens' deposition, Plaintiffs produced 7 additional documents—including 4 emails—responsive to

Defendants' requests, reflecting a failure by Rockstar to comply with the Court's Order and to properly search for responsive email communications in this case. (*See* **Exhibit F** – 5/16/2022 Email and Correspondence Between Counsel with Owens' Late Production.)  Plaintiff Rockstar's production is woefully deficient with Rockstar producing fewer than 40 emails to date.



As with the other Plaintiffs, ███████

███████ (*See e.g.*, **Exhibit G -** Owens Tr. at 109:2-13; 113:13-24; 135:3-17 (rough – part 1).)

███████

███████ (*See id.* at 133:24 – 134:14; *see also* 119:7-10; 120:12 – 121:3; 121:13-19; 122:4 – 124:23; 127:11 – 133:23; 136:1-20; 152:1-6.) ███

███████ (*id.* at 179:1-18), ███

███████ (*id.* at 178:1- 179:5; **Exhibit H –** Owens Tr. at 79:12-18 (rough – part 2)).

███████ (*See id.*) ███████ (Ex. H at 40:9- 41:15), ███

███████

███████ (*see id.*). ███

███████

███████ (*See id.*) ███

███████ (Ex. G at 48:6-14), ███████ (*id.* at 131:9-132:5, 133:4-15), ███████ (Ex. H at 42:11-24), ███████ (*id.* at 43:21-44:3), ███

███████ (*id.* at 45:6-10), among other things.

███████

████████████████████ (*Id.* at 98:23-100:12.)  It is obvious that Mr. Owens and Rockstar have much more than 50 responsive emails that should have been produced.  In fact, Defendants are aware of relevant communications that Owens sent to them that he never produced.  (*See, e.g.*, **Exhibit I -** USASF_00012721, USASF_00012966, USASF_00004287.)  Although Rockstar was a vocal member of USASF from at least 2012 to mid-2020, Rockstar produced fewer than 5 emails with or about USASF.  This merely underscores the inadequacy of Rockstar's document collection efforts and noncompliance with the Court's Order. Defendants understand that Rockstar likely has many other relevant communications with third parties that have not been produced.

### D.  Plaintiff American Spirit

On March 31, 2022, Plaintiff American Spirit produced another 129 documents.  As with the other Plaintiffs, Plaintiff American Spirit has never provided a list of the search terms it used, without regard to the Court's Order and the ESI Protocol.  Defendants understand that American Spirit performed its own searches and made its own determinations about what documents were responsive, without counsel's involvement.  This is not sufficient.  While Defendants have not yet deposed Ms. Weber, the owner of American Spirit, given this major violation of the Court's Order and the ESI Protocol, Defendants expect that American Spirit's production is wrought with the same deficiencies of the productions of the other Plaintiffs.  Indeed, the March 31 production indicates as much.  The 129 documents that American Spirit produced all predate July 2016, when the applicable statute of limitations began to run.  Additionally, the documents largely lack substance, consisting of multiple uniform mock-up images, logos, order forms, and 44 emails most of which relate to logistics for uniform orders.

As Defendants detailed in their previous Motion to Compel and for Sanctions, Plaintiffs have consistently delayed discovery, failed to fully respond to discovery requests, and ignored the

agreed ESI Protocol. (ECF No. 171.)  Plaintiffs continue to disregard the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.  Egregiously, Plaintiffs' failure to produce Ms. Haygood's responsive documents by the Court-ordered deadline (instead producing the substantial majority of Ms. Haygood's documents to date the day before her deposition), Plaintiffs' complete failure to comply with the Court's order compelling production for Jeff & Craig, and all of Plaintiffs' numerous deficiencies in searching for responsive documents has prejudiced Defendants' ability to prepare for Plaintiffs' depositions and to prepare a defense to Plaintiffs' claims.  There is no excuse for this conduct.

### E.  Other Relevant Violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders

Moreover, Plaintiffs' disregard for the Court's compel order is just one of many instances where Plaintiffs have violated the Federal Rules of Civil Procedure, the Local Rules, and/or the Court's orders.  Take the following examples:

- In January 2022, Plaintiffs' counsel sent an ex parte communication to the Court asking a substantive question, but did not include any of Defendants' counsel in the exchange. (ECF No. 165-1 at PageID 1726–30.)

- In early 2022, Plaintiffs attempted to send nearly 250 subpoenas to BSN and Herff Jones's customers in violation of the Court's previous Protective Order preventing discovery related to those parties. (*See* ECF Nos. 165 & 177.)

- Plaintiffs also moved to compel the Varsity Defendants to respond to discovery requests on subject matter that was stayed by the Protective Order. (ECF No. 167.)  Not only was Plaintiffs' motion inconsistent with the Protective Order, Plaintiffs failed to specify the requests that they sought to compel and did not attach Varsity's prior responses to the requests.  (*See id.*)  The Court admonished Plaintiffs that their conduct "would lead

9

the court to believe that Varsity provided no responses whatsoever" and demonstrated "at a minimum an extreme lack of care [by Plaintiffs] in presenting these important issues to the court." (ECF No. 177 at PageID 252.)

- Plaintiffs have violated Local Rule 7.2 on multiple occasions by not properly consulting with defense counsel before filing a motion.  (*See, e.g.*, ECF Nos. 87, 228.)

- In submitting a Proposed First Amended Complaint, Plaintiffs failed to specify certain changes they made to their allegations. (*See* ECF No. 194 at PageID 2981 n. 25.) The Court noted the "inappropriateness" of those changes, but nevertheless addressed them and held that they were futile. (*Id.*)

- After the Court granted Plaintiff's Motion for Leave to file a First Amended Complaint "to include the named parents Mark and Kathleen Lukens," denied "the remainder of the Motion," and ordered Plaintiffs to file an Amended Complaint in accordance with the Court's Order on Defendants' motions to dismiss (ECF No. 194), Plaintiffs included unauthorized allegations in violation of the Court's Order limiting the scope of their amendment.  (*See* ECF Nos. 209, 232, 233, 234, & 235.) For example, Plaintiff Haygood included new allegations regarding her son's alleged use of football equipment. (*See id.*)  Plaintiffs did not seek leave to add these allegations and they were not authorized by the Court.  Plaintiffs also curiously changed the caption of the case— without leave to do so—in a way that suggests Heidi Weber, David Owens, and Craig Hallmark are Plaintiffs.  (*See* ECF No. 209.)  These individuals are not parties to the case.  Further, Plaintiffs added back in several claims that the Court had dismissed, in violation of the Court's Order.  (*See* ECF Nos. 209, 232, 233, 234, & 235.)

These examples show a pattern of disregard for the Federal Rules of Civil Procedure, the Court's Orders, the Local Rules, and the standards of professional conduct. Accordingly, Defendants request that the Court dismiss Plaintiffs' claims under Rules 37 and 41.

## **ARGUMENT**

Federal Rule of Civil Procedure 37(b) allows sanctions for "failure to comply with a court order." Fed. R. Civ. P. 37(b).  Sanctions include "dismissing the action or proceeding in whole or in part," *id.,* where a party's failure is due to "willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir. 1988).  Likewise, Rule 41(b) authorizes district courts to dismiss an action for a party's failure to comply with an order of the court. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Dismissal is a measure "available to the district court as a tool to effect management of its docket and [avoid] unnecessary burdens on the tax-supported courts and opposing parties." *Hays v. Wharton*, No. 11-2193-JDT-TMP, 2014 WL 3535730, at *6 (W.D. Tenn. July 16, 2014).  And courts "must be given substantial discretion in serving these tasks." *Id.*

Courts apply four factors in addressing dismissal: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether the discovery violation resulted in prejudice (3) whether the Court warned the party that her conduct could lead to extreme sanctions; and (4) whether the Court previously imposed or considered less drastic sanctions.  *Moses v. Am. Apparel Retail, Inc.*, No. 13-CV-2753-SHL-DKV, 2015 WL 4665968, at *3 (W.D. Tenn. Aug. 6, 2015).

Here, in light of Plaintiffs' pattern of misconduct and the ample evidence of willfulness, bad faith, and fault, these factors support dismissal.

I.      **Plaintiffs acted in bad faith by willfully violating the Court's Orders.**

A plaintiff's conduct shows "willfulness, bad faith, or fault" when his conduct "evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers v. Bergh*, 516 F. App'x 568, 570 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008)).  First, Plaintiffs violated the April 18, 2022 deadline for production.  Plaintiffs waited until the eve of Plaintiff Haygood's deposition to produce 161 documents, 90% of her total documents produced to date, while Plaintiff Rockstar also produced several documents the day before his deposition and well after the April 18 deadline. This required Defendants to engage in duplicative, last-minute preparation for these depositions.  Equally egregious, as to Jeff & Craig, Plaintiffs disregarded the Court's order compelling production, ██████████████████████████████████, and thus Defendants were compelled to expend resources taking the deposition of Craig Hallmark without the benefit of the Court-ordered production.  (**Exhibit E**, Hallmark Tr. 85:12-86:9 (rough).)

In addition, Plaintiffs willfully violated the ESI Protocol and the Court's Order in a second respect.  The ESI Protocol requires any search terms and limitations on custodians be identified in advance.  (ECF No. 97-2.)  The Court's Order required Plaintiffs to comply with the ESI Protocol, and Defendants again reminded Plaintiffs of these obligations on March 24, 2022.  (*See* ECF No. 189 at 15; Ex. A.)  This is also required by Local Rule 26.1(e)(5).  As Defendants reminded Plaintiffs, asking the clients to "comb for additional documents" is insufficient.  (*See* Ex. A). Rather, Plaintiffs' lawyers were responsible for undertaking the ESI search and determining whether documents were responsive to Defendants' requests.  (*Id.*; *see also Waskul v. Washtenaw Cnty. Cmty. Mental Health*, No. CV 16-10936, 2021 WL 5049154, at *6 (E.D. Mich. Oct. 31, 2021)

("And an attorney may not simply rely on custodian self-collection of ESI. Instead, counsel must 'test the accuracy of the client's response to document requests to ensure that all appropriate sources of data have been searched and that responsive ESI has been collected—and eventually reviewed and produced.'") (quoting *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 926 (N.D. Ill. 2021)).  Nevertheless, Defendants conducted the depositions of Ms. Haygood, Mr. Hallmark, and Mr. Owens only to find ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████  (*See e.g.*, **Exhibit D**, Haygood Tr. 44:13-22; 51: 23-25; 108:11-109: 7 (rough) and **Exhibit G**, Owens Tr. 113:13-24; 119:7-10; 133:24-134:14 (rough); **Exhibit E**, Hallmark Tr. 78:5-79:18.)  Defendants likewise were never provided a list of the ESI search terms used by American Spirit, as was required by the ESI Protcol and this Court's Order.  As a result, their productions were overwhelmingly deficient, prejudicing Defendants' defense.

Given the clarity of the Court's order, this conduct can only be explained as knowing and willful or reckless in the extreme. It has also wasted Defendants' resources and prejudiced Defendants in preparing for depositions.  These are just a few of a litany of other litigation abuses, which compounds the prejudicial effect of Plaintiffs' misconduct.  This factor weighs in favor of dismissal.

## II.     Plaintiffs' violations have prejudiced Defendants.

"A defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'"  *Wright v. City of Germantown, Tenn.,* No. 11–02607, 2013 WL 1729105, at *2 (W.D.

Tenn. Apr. 22, 2013) (quoting *Shavers,* 516 F. App'x at 570). Plaintiff Haygood waited until the eleventh hour to produce documents, even though the Court imposed an obligation for Plaintiffs to produce by April 18, 2022. By the time Defendants had access to the late production, they had already prepared for the looming deposition and had coordinated their schedules appropriately. Because the parties have agreed to send hard copies of potential exhibits in advance of each deposition, by May 6, 2022, Defendants had coordinated among themselves to select and mail a binder of potential exhibits to Plaintiffs' counsel for Haygood's deposition. Plaintiffs' actions forced Defendants to cancel the deposition, re-arrange their schedules, and duplicate their preparation. (*Id.*)

Further, Defendants prepared for Plaintiffs' depositions and incurred the costs for court reporters and videographers, only to learn *during their depositions* that Plaintiffs had violated the ESI Protocol in multiple respects, failed to comply with the Court's Order to provide responsive documents, and served incomplete responses to interrogatories. Plaintiffs' discovery antics have forced Defendants to use significant resources in preparing for depositions without the benefit of Plaintiffs' Court-mandated production, after Defendants had already incurred considerable time and money in briefing the Court on these issues in their previous Motion to Compel and for Sanctions. This factor also weighs in favor of dismissal.

### III.   The Court clearly warned Plaintiffs that their failure to cooperate in discovery could lead to dismissal.

Plaintiffs cannot dispute that the Court gave them advance notice that the Court could dismiss their claims for failure to cooperate in discovery. (ECF No. 189.) The Court expressly noted that its March 23, 2022 Order "constitutes a warning that willful failure to cooperate in discovery could lead to dismissal of plaintiffs' case under Rules 37(b) and 41(b)." (*Id.* at 15.) Plaintiffs willfully disregarded the Court's warning. This factor also heavily weighs in Defendants'

favor.  *See Hays v. Wharton*, No. 11-2193-JDT-TMP, 2014 WL 3535730, at *6 (W.D. Tenn. July 16, 2014) (dismissing complaint with prejudice due to Plaintiff's failure to provide discovery and to Plaintiff's violation of the Court's Order regarding discovery); *Irby v. Select Portfolio Servicing, Inc.*, No. 14-CV-2933-SHM-TMP, 2015 WL 5125275, at *2 (W.D. Tenn. Aug. 11, 2015) (dismissing due to Plaintiff's failure to provide discovery responses).

## CONCLUSION

The Court gave Plaintiffs the opportunity to correct their manifestly deficient productions of documents and set a firm deadline of April 18, 2022 to do.  (ECF No. 189.)  After being warned that noncompliance could result in dismissal, Plaintiffs willfully ignored their discovery obligations and blatantly disregarded the Court's Orders.  Defendants respectfully request that the Court grant this Motion for Sanctions and dismiss Plaintiffs' claims due to their willful violations.  Defendants further request such other relief the Court deems appropriate, including monetary penalties.


Dated: May 25, 2022                    Respectfully submitted,

                                       s/ Nicole Berkowitz Riccio

                                       Grady Garrison (TN #008097)
                                       Nicole Berkowitz Riccio (TN #35046)
                                       James Andrew Roach (TN #37934)
                                       Karen Lott Glover (TN #38714)
                                       BAKER, DONELSON, BEARMAN, CALDWELL
                                       & BERKOWITZ
                                       165 Madison Avenue, Suite 2000
                                       Memphis, TN 38103
                                       Phone: (901) 526-2000
                                       Fax: (901) 577-0866
                                       ggarrison@bakerdonelson.com
                                       nriccio@bakerdonelson.com
                                       aroach@bakerdonelson.com
                                       kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and
USA Federation for Sport Cheering, d/b/a USA
Cheer*

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC;
Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff
Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity
Spirit Fashions & Supplies, LLC; Varsity Intropa*

16

*Tours*

s/ Brendan P. Gaffney

Paul Coggins*
Brendan Gaffney*
Katherine Wright*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
katie.wright@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN Bar #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Facsimile: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

### CERTIFICATE OF CONSULTATION

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that on May 13, 2022, I spoke with counsel for Plaintiffs via telephone on behalf of all Defendants and advised Plaintiffs that Defendants intended to file a motion seeking the substantive relief set out above.  Plaintiffs indicated that they oppose this motion.

s/ Nicole Berkowitz Riccio

17