```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
─────────────────────────────────────────────────────────────

AMERICAN SPIRIT AND CHEER      )
ESSENTIALS, et al.,            )
                               )
    Plaintiffs,                )
                               )
v.                             )   No. 20-cv-2782-SHL-tmp
                               )
VARSITY BRANDS, LLC,           )
et al.,                        )
                               )
    Defendants.                )

─────────────────────────────────────────────────────────────

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND
DENYING PLAINTIFFS' MOTION TO COMPEL**

─────────────────────────────────────────────────────────────

Before the court by order of reference are two motions. The first is a Motion for Protective Order to Enforce Plaintiffs' Compliance with the Court's May 13, 2022 Order Closing Discovery on October 18, 2022 (ECF No. 236), filed by defendants on October 18, 2022. (ECF No. 262.) The second is a Motion to Compel filed by plaintiffs on November 1, 2022. (ECF No. 272.) Given that both motions concern discovery relating to schools and school districts' relationship with defendants, the undersigned considers both motions together in this order. The undersigned finds that a hearing is unnecessary. For the reasons below, defendants' Motion for Protective Order is GRANTED and plaintiffs' Motion to Compel is DENIED.

                        **I.   BACKGROUND**

The present case involves antitrust claims brought against defendants alleging that they conspired to and did in fact form a monopoly over the cheerleading and scholastic merchandise industry in the United States. The plaintiffs filed their complaint on July 24, 2020, seeking class certification, damages, and injunctive relief. (ECF No. 1.) The case was transferred from the Northern District of Georgia to this court on October 28, 2020. (Id.) All defendants filed motions to dismiss on December 1, 2020. (ECF Nos. 92, 93, 94, 95.)

On March 12, 2021, defendants filed a motion for a protective order seeking to prevent discovery as to the non-cheerleading related areas of their business, specifically "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment." (ECF No. 118-1 at PageID 544.) Defendants argued that these areas of the business were overseen by Varsity-owned corporations that were the subjects of pending motions to dismiss, specifically ECF Nos. 92 and 93, and that discovery should be stayed while those motions were pending. On June 1, 2021, Magistrate Judge Charmiane Claxton entered an order granting the defendants' motion in part ("June 1 Protective Order"). (ECF No. 132.) Judge Claxton stated:

> The court finds that there is good cause to grant the requested protective order regarding the limited areas of inquiry until the pending motions to dismiss have been resolved. The motion for protective order is GRANTED specifically as to discovery related to

> "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment." Should the Moving Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated and responses to any discovery that is withheld pursuant to this protective order shall be provided to Plaintiffs within thirty (30) days of the entry of the relevant order on motion to dismiss.

(Id. at PageID 793.) Plaintiffs did not appeal this order.

On October 28, 2021, presiding District Judge Sheryl Lipman granted in part and denied in part ECF No. 92, one of the pending motions to dismiss discussed in Judge Claxton's order. (ECF No. 141.) This motion to dismiss dealt with claims against Bain Capital, LP, and Charlesbank Capital Partners, LLC, the current and prior owners of defendant Varsity, as well as defendant Varsity Brands Holding Co., Inc. (ECF No. 92.) Judge Lipman dismissed Bain and Charlesbank from the case but declined to dismiss a Sherman Act claim against Varsity Holding Co. (ECF No. 141 at PageID 912.) The other motion to dismiss discussed in Judge Claxton's order, ECF No. 93, which sought to dismiss claims against divisions of Varsity Brands that engage in non-cheerleading related business, remained pending.

Defendants filed a motion for protective order on February 7, 2022, after plaintiffs alerted defendants that they intended "to serve two hundred and forty-two subpoenas *duces tecum* on defendants' scholastic customers." (ECF No. 165 at PageID 1218.) The subpoenas were aimed at high schools, colleges, and

universities that are customers of defendants' scholastic goods. (See ECF No. 165-1.) Each subpoena contained the following requests:

> 1. Any agreement or contracts between the school and any of the following companies in the past 7 years:
>
>    (1) Varsity Brands, LLC
>    (2) BSN Sports
>    (3) Varsity Spirit, LLC
>    (4) Stanbury Uniforms, LLC
>    (5) Herff Jones
>    (6) Varsity Brands Holding Co., Inc.
>    (7) Varsity Spirit Fashion & Supplies
>    (8) USA Federation for Sport Cheering d/b/a USA Cheer
>
> 2. Documents showing how much the school or member schools purchased from these companies over the past 7 years;
>
> 3. Documentation or agreements entered into with any of the aforementioned companies for any "All School" or "Impact Program" sales or services offered by them for the years 2015 to present;
>
> 4. Documentation showing the name and contact information for the person or persons primarily responsible for making any agreements with these companies at the school or member-schools.

(Id.) Two days after defendants' motion was filed, plaintiffs filed a Motion to Compel and for Sanctions, which laid out their justification for both the third-party subpoenas described above, as well as multiple discovery requests directed to defendants. (ECF No. 167.) Plaintiffs argued that the June 1 Protective Order entered by Judge Claxton dissolved when Judge Lipman dismissed Bain and Charlesbank from the case on October 28, 2021, thus making their requests for documents relating to non-cheerleading business

- 4 -

ripe as of that date. (ECF No. 167-1 at PageID 1741.) Plaintiffs argued this included any requests made in their first set of document requests, initially served in February 2021, that related to non-cheerleading scholastic markets and that were covered by the June 1 Protective Order. (Id. at PageID 1742.)

In ruling on the two motions, the undersigned wrote the following:[1]

> [T]he pending motion to dismiss involved "the limited areas of inquiry" the protective order was designed to address. For clarity's sake, the undersigned finds that the June 1 Protective Order remains operative until the pending motion to dismiss [ECF No. 93] is denied in whole or in part. Should that occur, the protective order shall then terminate, and "responses to any discovery that is withheld pursuant to the protective order shall be provided to plaintiffs within thirty (30) days of the entry of order on the pending motion to dismiss."

(ECF No. 177 at PageID 2448.) Plaintiffs' motion to compel also sought responses to cheer-related requests. Because these requests were not covered by the June 1 Protective Order, they were ripe for consideration. In denying the motion, the undersigned wrote the following:

> [P]laintiffs do not identify which requests are "outstanding" or which they seek to compel responses on, which violates this district's local rules. LR 26.1(b)(2). To the extent that this lack of specificity reflects the desire to compel responses or additional documents regarding every request included, plaintiffs do not explain how Varsity's prior responses were deficient or whether Varsity responded at all. Only in Varsity's response was the court notified that Varsity

---

[1] On November 11, 2021, the case was transferred from Judge Claxton to the undersigned as the referral magistrate judge. (ECF No. 144.)

>had indeed responded and objected to these requests over a year ago, on March 29, 2021. (ECF No. 175-1.) According to the terms of this case's Scheduling Order, the "final deadlines" for "parties to submit disputes to court regarding any areas of dispute regarding documents to be produced in response to requests for production" is "90 days from service of the Parties' first Requests for Production." (ECF No. 100 at 1-2.) Plaintiffs' deadline to raise any issues with Varsity's responses and objections to the requests in Exhibit A was thus May 27, 2021, ninety days after they served those requests on February 26, 2021. (ECF No. 167-2 at 41.) Plaintiffs have not attempted to address the effects of the Scheduling Order and the record, on its own, does not provide any clear excuse to set aside the Scheduling Order or modify it here.

(Id. at PageID 2450-51.)

On March 30, 2022, Judge Lipman granted in part and denied in part ECF No. 93, which effectively terminated the June 1 Protective Order. (ECF No. 194.) On April 18, 2022, plaintiffs filed a motion to amend the scheduling order, seeking a 302-day extension for all discovery matters and requesting additional discovery related to the topics covered by the June 1 Protective Order. (ECF No. 214.) On May 13, 2022, Judge Lipman denied their motion as to any discovery that had not been covered by the Protective Order. (ECF No. 236 at PageID 3544.) However, she extended deadlines for discovery that had been covered by the Protective Order, namely discovery regarding "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment." (Id.) Judge Lipman also concluded that "discovery regarding athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading –

was covered by the protective order." (Id. at PageID 3543 n.2.) The new date for the close of fact discovery was extended to October 18, 2022. (Id.) Judge Lipman also observed in that order that "[p]laintiffs have the ability to conduct this discovery now, and should have begun doing so on March 30, 2022, when the Court issued its Order." (Id.)

Consistent with the terms of the June 1 Protective Order, BSN and Herff Jones responded to plaintiffs' requests for documents on April 29, 2022, and May 13, 2022, respectively. (ECF No. 281 at PageID 5706 n.2.) Because BSN was not dismissed from the case, they responded thirty days after the motion to dismiss was decided. (Id.) Herff Jones was dismissed from the case; however, plaintiffs filed an amended complaint on April 13, 2022, which included Herff Jones as a defendant.[2] (ECF No. 209.) Herff Jones responded to the discovery requests thirty days after being named in the amended complaint. (Id.)

The undersigned notes that plaintiffs did not mention in their present motion that they received discovery responses from BSN or Herff Jones. According to plaintiffs, defendants did not produce any of the documents they withheld pursuant to the June 1 Protective Order within thirty days. (ECF No. 272 at PageID 4892.)

---

[2]On May 11, 2022, defendants filed motions to dismiss the amended complaint, which remain pending. (ECF Nos. 232, 234, 235.)

However, on June 21, 2022, plaintiffs' counsel sent the following email to counsel for the Varsity defendants: "Previously, several Defendants responded to requests for production with statements to the effect of 'any such documents have been or will be produced.' As of today, can Defendants confirm that they have produced all responsive documents (and document portions) not claimed privileged? If not, please explain." (ECF No. 281-1 at PageID 5732.) Counsel for defendants responded, "I can confirm that Varsity (including BSN and Herff Jones) has produced all the documents that it said it would produce in those entities' responses to Plaintiffs' requests for production of documents. Varsity continues to stand on the objections set out in those responses." (Id.) As explained later in this order, the fact that the defendants responded is significant for determining when plaintiffs' obligation to file a motion to compel arose.

On August 24, 2022, plaintiffs sent Requests for Production ("RFPs") that included twenty-four requests regarding cheer and non-cheer related discovery. (ECF No. 272 at PageID 4892.) On September 23, 2022, defendants filed objections to the requests. (Id. at PageID 4893.) On October 7, 2022, plaintiffs sent defendants an email stating, "Pursuant to Rule 45, let this be notice that the American Spirit Plaintiffs intend to soon serve

the attached subpoenas."[3] (ECF No. 262 at PageID 3919.) Attached to the email were 238 subpoenas directed to schools and school districts. (Id.) The subpoenas are identical to those that plaintiffs attempted to serve in February, except for the following: (1) they do not seek documents, agreements, or contracts between schools and Stanbury Uniforms, LLC and Herff Jones; and (2) they specify that the agreements and contracts from Request 1 must involve "athletic goods or services, cheerleading goods or services, or uniforms used in the scholastic setting." (ECF No. 262-2.) Defendants filed a motion for a protective order, arguing that defendants violated the scheduling order by serving subpoenas whose return date, November 7, 2022, was after the close of fact discovery. (ECF No. 262 at PageID 3923.) Defendants also argue that the subpoenas were intended to damage Varsity's customer relationships with schools. (Id. at PageID 3924.) Plaintiffs filed a response on November 1, 2022, arguing that because the plaintiffs had attempted to serve the subpoenas in February, they should be considered timely. (ECF No. 273 at PageID 5164.)

The same day, plaintiffs filed a motion to compel defendants to respond to plaintiffs' August 24, 2022 RFPs. (ECF No. 272 at

---

[3]In their motion to compel, plaintiffs represent that they have served subpoenas on "more than 260 schools across the United States." (ECF No. 272 at PageID 4896.) If that is the case, notice was never provided for at least 22 of the subpoenas in violation of Federal Rule of Civil Procedure 45(a)(4).

PageID 4896.) The defendants responded on November 9, 2022. (ECF Nos. 281, 282, 283.) With leave of court, plaintiffs filed a reply on November 17, 2022. (ECF No. 287.) Defendants argue that the August RFPs sought discovery that was not covered by the June 1 Protective Order and included requests that had already been responded to previously. Further, they assert that the motion to compel is untimely because it was filed after the close of discovery.

## II.   ANALYSIS

### A.   Motion for Protective Order

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26. The undersigned finds that there is good cause to issue a protective order in this case because plaintiffs' subpoenas are untimely.

The subpoenas in question are governed by the fact discovery deadline set forth in the May 13, 2022 scheduling order. (ECF No. 236.) "[A] subpoena issued pursuant to Federal Rule of Civil Procedure 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." Allstate Ins. Co. v. Papanek, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (internal citation and quotation

omitted); see also Olmstead v. Fentress Cty., Tenn., No. 16-cv-0046, 2018 WL 6198428, at *3 (M.D. Tenn. Nov. 28, 2018) ("Courts in this circuit have held that subpoenas are discovery devices that are subject to the discovery deadlines in a scheduling order."). "Indeed, Rule 45(d)(3), in relevant part, provides that the court for the district where compliance is required 'must quash or modify a subpoena' that 'fails to allow a reasonable time to comply.'" Donald J. Ulrich Assocs., Inc. v. Bill Forge Private Ltd., No. 17-cv-10174, 2018 WL 6061083, at *2 (E.D. Mich. Nov. 20, 2018) (quoting Fed. R. Civ. P. 45(d)(3)). Accordingly, "[c]ourts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline." Papanek, 309 F. Supp. 3d at 514. In this case, the subpoenas were issued on October 7, 2022. (ECF No. 267.) They had a return date of November 7, 2022. (Id.) The close of fact discovery was October 18, 2022. (ECF No. 236.) The return date for the subpoenas was thus after the close of fact discovery.

Plaintiffs argue that they should be permitted to serve the subpoenas because their previous attempts at service were blocked by defendants. (ECF No. 273 at PageID 5164.) It is true that plaintiffs attempted to serve nearly identical subpoenas in January of 2022 and were met with a motion for protective order from defendants, which was subsequently granted. (ECF Nos. 165, 177 at PageID 2448.) Because of this, plaintiffs contest

defendants' contention that they should have served these subpoenas earlier.

The undersigned is not persuaded by this argument. In granting that motion for protective order, the undersigned stated that "the June 1 Protective Order remains operative until the pending motion to dismiss is denied in whole or in part." (Id.) This occurred on March 30, 2022, when Judge Lipman granted in part and denied in part the final pending motion to dismiss. (ECF No. 194.) The June 1 Protective Order was thus terminated on March 30, 2022. At that point, plaintiffs had already drafted and attempted to serve the subpoenas in question. (ECF No. 165-1.) There are only slight changes between the January subpoenas and those at issue in this motion. (ECF Nos. 165-1, 262-2.) With the subpoenas already prepared for service, plaintiffs could have tried to serve them again as early as March. They did not do so; instead, the next attempt to serve these subpoenas occurred on October 7, 2022. (ECF No. 276-1 at PageID 5684.) There is no evidence that plaintiffs were prohibited from issuing their subpoenas after March 30, 2022. For these reasons, the undersigned finds that there is good cause to issue a protective order. Defendants' motion for protective order is therefore GRANTED.

**B.   Motion to Compel**

Plaintiffs seek the court to compel the defendants to produce any non-privileged documents that are responsive to their August

24, 2022 RFPs. (ECF No. 272 at PageID 4896.) This motion is denied for several reasons. First, the discovery deadline has passed for most of the requests at issue. Their August 24, 2022 RFPs (Exhibit I) is directed at "all defendants" and includes twenty-four Requests, which seek discovery on both the topics that were covered and those that were not covered by the June 1 Protective Order. (ECF No. 272-9 at PageID 5019.) Judge Lipman expressly denied plaintiffs' motion to extend discovery for those topics that were not the subject of the Protective Order. (ECF No. 236 at PageID 3544.) All other discovery had to be completed by April 18, 2022. (ECF No. 159 at PageID 1204.) Requests 1, 3, 4, 5, 6, 8, 9, 13, 14, 15, 16, 17, 18, 20, 21, 22, and 23 seek discovery that was not stayed by the Protective Order, and thus the discovery deadline has long since passed as to those requests.[4] (ECF No. 272-9.)

Second, of the seven remaining requests that were stayed by the June 1 Protective Order, plaintiffs do not identify which requests are "outstanding" or which they seek to compel responses on, which violates this district's local rules. LR 26.1(b)(2). To the extent that this lack of specificity reflects the desire to compel responses or additional documents regarding every request included, plaintiffs do not explain how the defendants' prior

---

[4]In their reply, plaintiffs acknowledge that "parts of the August 24 requests do appear outside the scope of the Court's discovery limits." (ECF No. 287-1 at PageID 5892.) As a result, plaintiffs withdrew requests 15-18 and 20-23. (Id. at PageID 5896.)

responses were deficient. Further, as to BSN and Herff Jones - the defendants most likely to have discoverable information - plaintiffs have not provided their responses to their original RFPs, nor did they provide the original RFPs for Herff Jones. Plaintiffs did not file a motion to compel those responses, to the extent they were not satisfied with them. Instead, they reissued new RFPs, some of which were repetitive of their original requests. For example, in the original RFPs sent to BSN, plaintiffs sought sale records for class rings and championship rings.[5] (ECF No. 272-7 at PageID 4933.) In the August 24, 2022 RFPs, plaintiffs again seek sales records or sales documents for "graduation regalia," which includes "class or championship rings." (272-9 at PageID 5033.) According to the terms of this case's original Scheduling Order, the "final deadlines" for "parties to submit disputes to [the] court regarding any areas of dispute regarding documents to be produced in response to requests for production" is "90 days from service of the Parties' first Requests for Production."[6] (ECF No. 100 at 1-2.) Ninety days from the termination of the June 1

---

[5]Because plaintiffs did not include the original RFPs for Herff Jones, it is impossible to determine whether the requests are repetitive (or not) as to that defendant.

[6]The undersigned highlights that the plaintiffs encountered this same dilemma when they filed a motion to compel discovery on February 9, 2022. (ECF No. 167.) The undersigned in denying plaintiffs' motion to compel cautioned them that the Scheduling Order required the parties to file motions to compel within this ninety-day period. (ECF No. 177 at PageID 2450-51.)

Protective Order was June 28, 2022. Plaintiffs are past the deadline to raise issues with Herff Jones and BSN's responses. They cannot remedy that deficiency by serving a new set of RFPs.

Lastly, defendants bring this motion to compel after the close of discovery. Defendants sent their objections to the RFPs on September 23, 2022. Plaintiffs waited thirty-nine days to file a motion to compel on November 1, 2022, which was fourteen days after the close of discovery. "[A]bsent special circumstances," a court may deny a motion to compel discovery where it is not timely filed in accordance with the applicable scheduling order. Avanos Medical Sales, LLC v. Medtronic Sofamor Danek USA, Inc., No. 19-cv-2754-JPM-tmp, 2021 WL 848177, at *3 (W.D. Tenn. Mar. 5, 2021) (quoting FedEx Corp. v. United States, No. 08-2423 Ma/P, 2011 WL 2023297, at *3-4 (W.D. Tenn. Mar. 28, 2011); see also Overnite Transportation Co. v. Int'l Brotherhood of Teamsters, No. 99-2747 DV, 2001 WL 1910054, at *1 (W.D. Tenn. Oct. 26, 2001); Medtronic Sofamor Danek, Inc. v. Osteotech, Inc., No. 99-2656, 2001 WL 1910058 (W.D. Tenn. Sept. 21, 2001) ("[T]he motion to compel was filed with the Court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline"); Banks v. CBOCS West, Inc., No. 01 C 0795, 2004 WL 723767, *2 (N.D. Ill. April 1, 2004); Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich.

2000) (citing Ginett v. Fed. Express Corp., 166 F.3d 1213 (6th Cir. 1998)). Plaintiffs have not pointed to any "special circumstance" that explains why the motion could not be filed before the discovery deadline.[7] The fact that the motion to compel was filed after the close of discovery provides additional grounds to deny the motion.

### III. CONCLUSION

For the reasons above, defendants' motion for a protective order is GRANTED and plaintiffs' motion to compel is DENIED. Plaintiffs are hereby ordered to refrain from serving the subpoenas at issue in this motion, or, if already served, to notify those third parties in writing that the subpoenas have been quashed within five days from the date of this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 17, 2022
Date

---

[7] On October 28, 2022, plaintiffs filed a Notice of Conflict, which stated that Interim Lead Class Counsel had undergone a medical procedure on October 25, 2022, and that "it may be advantageous to the fair resolution of the case" that no hearings or responses be made due until December 14, 2022. (ECF No. 270.) Although this has not been raised as a special circumstance in plaintiffs' briefing, even if it had, the date of lead counsel's medical procedure was after the close of discovery on October 18, 2022.